|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,  )
                           )
        Plaintiff,         )   CASE NO.   CR94-5074-RJB
                           )
    v.                     )
                           )
                           )   DETENTION ORDER
JEFFERY JAY WARREN,        )
                           )
        Defendant.         )
_____)

Offenses charged:

    Count 1: Conspiracy to Import Hashish, in violation of Title 21, U.S.C., Section 812;

    Count 2: Conspiracy to Distribute Hashish, in violation of Title 21, U.S.C. Section 812;

    Count 3: Conspiracy to Engage in Money Laundering, in violation of Title 18, U.S.C., Sections 1956(a)(1)(A)(I), 1956(a)(1)(B)(I), and 1956(a)(1)(B)(ii);

    Counts 4-17: Money Laundering, in violation of Title 18, U.S.C., Sections 1956(a)(1)(A)(I) and 2;

    Counts 18-20: Interstate Travel in Aid of Racketeering, in violation of Title 18, U.S.C., Sections 1956(a)(1)(B)(I) and 2;

DETENTION ORDER
PAGE -1-

1  Counts 21-31: Money Laundering, in violation of Title 18, U.S.C., Sections
2  1956(a)(1)(B)(I), 3237, and 2; and
3  Criminal Forfeiture (3Counts), in violation of Title 21, U.S.C., Sections 952,
4  960(a), 960(b)(1), and 963.

Date of Detention Hearing: July 26, 2007

The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Government was represented by Sarah Vogel for Lawrence Linclon. The defendant was represented by Laurence B. Finegold.

## FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) There is probable cause to believe the defendant committed the drug offenses. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) The defendant was not interviewed by Pretrial Services.

(3) The defendant is associated with seven alias names and has ties to Mexico.

(4) Defendant stipulates to detention at this time.

Based upon the foregoing information which is also consistent with the recommendation of detention by U.S. Pre-trial Services, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(1) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 30th day of July, 2007.

_____
MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -3-